UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

FREDDIE GLOVER,

                Plaintiff,

    v.                                                     9:23-CV-0126 (TJM/CFH)

ANTHONY J. ANNUCCI, et al.,

                Defendants.

---

APPEARANCES:

FREDDIE GLOVER
Plaintiff, Pro Se
96-A-5130
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Freddie Glover commenced this action in January, 2023, by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to proceed in forma pauperis and a motion for appointment of counsel. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"); Dkt. No. 4 ("Motion for Counsel"). By Decision and Order entered on March 6, 2023, this Court granted plaintiff's IFP Application, but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed plaintiff's Section 1983 claims for failure to state a claim upon which relief may be

granted and denied the Motion for Counsel as moot.  Dkt. No. 5 ("March 2023 Order").  In light of plaintiff's pro se status, he was afforded an opportunity to submit an amended complaint.  *Id*. at 14-16.  Plaintiff was specifically advised that his failure to comply with the March 2023 Order within thirty days of the filing date thereof would result in dismissal of this action.  *Id*.

More than thirty days after the March 2023 Order was issued, plaintiff filed a letter seeking clarification regarding the withdrawal of money from his prison account related to this action.  Dkt. No. 7.  The letter did not request an extension of time for plaintiff to file an amended complaint or otherwise indicate that plaintiff had any desire to pursue this action further.  *Id*.

By Text Order entered on May 23, 2023, the Honorable Christian F. Hummel explained plaintiff's obligation to pay the filing fee of $350.00 over time from funds available in his inmate account in accordance with 28 U.S.C. § 1915(b), and advised plaintiff that "questions regarding the method and timing of deductions should be addressed to the inmate accounts office at his facility and the Department of Corrections and Community Supervision and, if necessary, by means of a properly filed action."  Dkt. No. 8 ("May Text Order").  Judge Hummel also denied plaintiff's letter request insofar as it sought any form of judicial relief.  *Id*.

Service of the May Text Order addressed to plaintiff at Upstate Correctional Facility (his address of record at the time) was returned to the Clerk on June 1, 2023, as undeliverable to plaintiff at that address.  Dkt. No. 9.  The return envelope indicated that plaintiff was incarcerated at Clinton Correctional Facility.  *Id*. at 1.

The next day, the Clerk sent the May Text Order to plaintiff at his new address, along

with a change of address form.  *See* Docket Sheet.

Plaintiff's deadline to submit an amended complaint in accordance with the March 2023 Order has lapsed, and plaintiff has not submitted an amended complaint or sought an extension of time in which to do so.  Plaintiff has also not communicated with the Court in any respect since filing his letter regarding his payment obligation, and failed to update the Court of his change of address despite being expressly advised of his obligation to do so in the March 2023 Order.  *See* March 2023 Order at 16.  Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C.§ 1915A(b)(1), Rule 41(b) of the Federal Rules of Civil Procedure, and Northern District of New York Local Rule 41.2.[1]

**WHEREFORE**, it is hereby

**ORDERED** that this action is **DISMISSED without prejudice** due to plaintiff's failure to submit an amended complaint as directed in the March 2023 Order.  The Clerk is directed to enter judgment accordingly; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: July  20, 2023
       Binghamton, NY

Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court.  *Link v. Wabash R.R. Cnty. Indep. Sch. Dist.*, 370 U.S. 626 (1962).  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.).  Even though Fed. R. Civ. P. 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, sua sponte, for failure to prosecute.  *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980).